UNITED STATES DISTRICT
COURT DISTRICT OF NEW
HAMPSHIRE

| | |
|---|---|
| GARY PRATT, ) | |
|     *Petitioner,* ) | |
| ) | Civil No. _____ |
| v. ) | Crim. No. 04-CR-09-01-SM |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|     *Respondent.* ) | |

## MOTION TO VACATE AND CORRECT SENTENCE UNDER 28 U.S.C. § 2255

Petitioner Gary Pratt, by and through his counsel, Paul J. Garrity, respectfully moves this Court to vacate and correct his sentence pursuant to 28 U.S.C. § 2255.

On October 18, 2005, Garry Pratt was sentence to 180 months in the Bureau of Prisons on Count One as an Armed Career Criminal (ACC) under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924 (e). Mr. Pratt is currently still imprisoned pursuant to this sentence and is currently being held at United States Penitentiary Victorville, Adelanto, CA.

Subsequently, in <u>Johnson v. United States</u>, 135 S. Ct. 2551, 2563 (2015) (<u>Johnson II</u>)[1], the Supreme Court struck down the residual clause of the ACCA, see 18 U.S.C. § 924 (e)(2)(B)(ii), as unconstitutionally vague.

In <u>Welch v. United States</u>, No. 15-6418, 2016 WL 1551144, at *12(April 18, 2016), the Supreme Court made Johnson II retroactive.

Post <u>Johnson II</u>, Mr. Pratt does not have the three ACC predicates required for the ACC designation and hence does not qualify as an ACC. Instead, the ten year statutory maximum for a conviction under 18 U.S.C. § 922(g)(1) offense applies. See 18 U.S.C. § 924(a)(2).

---

[1] In 2010, the Supreme Court held that " 'physical force' means **violent force**- that is, force capable of cause physical pain or injury to another person." <u>Johnson v. United States</u>, 559 U.S. 133, 140 (2010) (emphasis in original). This opinion shall be referred to as <u>Johnson I</u> in the motion.

Mr. Pratt's petition is timely under 28 U.S.C. § 2255(f)(3) because he filed it within one year of the Supreme Court's decision in <u>Johnson II</u> – a ruling which established a "newly recognized" right that is "retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3); See also, <u>Welch v. United States</u>, 193 L. Ed. 2d 534, 2016 U.S. LEXIS 5 (No. 15-6418, April 18, 2016).

Therefore, Mr. Pratt respectfully requests that his Court vacate his sentence on Count One and resentence him in the 120-150 range (CHC VI, TOL 26), which is the applicable guideline range he would face as a non-ACC for the one count of conviction under 18 U.S.C. § 922(g)(1) (with a 10 year maximum sentence).

As grounds for this motion, Mr. Pratt states as follows:

## STATEMENT OF FACTS AND PREDICATE OFFENSES

On January 14, 2004 Mr. Pratt was indicted and charged with one count of Possession of A Firearm by A Convicted Felon pursuant to 18 U.S.C. § 922(g)(1). The indictment contained an allegation as to the applicability of 18 U.S.C. § 924 (e)(1) (ACC), and listed five(5) prior convictions as alleged predicate "violent felonies." (See indictment, attached as Exhibit A).

On January 4, 2005 Mr. Pratt proceeded to trial on this indictment and on January 7, 2005 the jury returned a guilty verdict. On October 18, 2005 he was sentenced by this Court, pursuant to the ACCA, to 180 months in the Bureau of Prisons, 3 years of supervised release and a $100.00 special assessment. See Docket No. 04-CR-09-01-SM in the U.S. District Court for the District of New Hampshire.

Mr. Pratt has been in custody for over 12 years, since his arrest on January 16, 2004.

PSR ¶ 1. He is currently incarcerated at United States Penitentiary Victorville, Adelanto, CA.

## **GROUNDS FOR RELIEF**

I.     **Post – <u>Johnson II</u> Mr. Pratt is not an ACC, because his predicate offenses are not "crimes of violence."**

    A.     **Framework after <u>Johnson II</u>**

With the residual clause gone, a predicate only qualifies as a "violent felony" if it qualifies under the force or enumerated clauses, 18 U.S.C. § 924(e)(2)(B)(i) and (ii). The force clause asks whether an offense "has as an element the use, attempted use, or threatened use of physical force against the person of another."§ 924(e)(2)(B)(i). "'[P]hysical force' means *violent force* – that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) ("*Johnson I*") (emphasis in original). The use of force must be intentional, not just reckless or negligent. *See United States v. Fish*, 758 F. 3d. 1, 9-10 & n.4 (1st Cir. 2014); *Whyte c. Lynch*, 807 F. 3.d 463, 468 (1st Cir. 2015). The enumerated clause of 18 U.S.C. § 924 (e)(2)(B)(ii) outlines the offenses of "burglary, arson, or extortion, [or] involves use of explosives."

In determining whether an offense is a "violent felony," courts follow a categorical approach, which requires an assessment of "the elements of the statute of conviction, not…the facts of each defendant's conduct." *Taylor v. United States*, 495 U.S. 575, 601 (1990). The court asks whether "conduct criminalized by the statute, *including the most innocent conduct*, qualifies as a crime of violence." *Fish*, 758 F.

3d. at 5 (emphasis added) (internal quotation marks and citation omitted). If a statute is divisible into distinct sets of elements, some of which satisfy the crime of violence definition and some of which do not, courts may employ the modified categorical approach, consulting a limited set of judicial documents to determine "which of a statute's alternative elements formed the basis" of the conviction. *Descamps v. United States*, 133 S. Ct. 2276, 2284 (2013).

**B.     Mr. Pratt's predicate offenses of Armed Robbery in violation of N.H. RSA § 636:1 and Accomplice to Armed Robbery in violation of N.H. RSA § 629:1 and RSA § 636:1 are not "crimes of violence."**

Under the categorical approach, an offense can only qualify as a "violent felony" if all of the criminal conduct covered by a statute matches or is narrower than the "violent felony" definitions. See, e.g. Fish, 758 F. 3d at 6; United States v. Torres-Miguel, 701 F. 3d 165, 167 (4th Cir. 2012). If the most innocent conduct penalized by a statute does not constitute a "violent felony," then the statute categorically fails to qualify as a "violent felony."

One of Mr. Pratt's ACC predicate offenses, a Class A New Hampshire Armed Robbery felony conviction from 1986, in violation of N.H. RSA § 636:1 (Armed Robbery, 9/12/86, Hillsborough North Superior Court Docket # 86-1324) is not a "violent felony" for purposes of the ACCA. *PSR ¶* 23. The same holds true for one of his other predicates offenses, a Class A felony Accomplice to Armed Robbery conviction from January 9, 1995, in violation of N.H. RSA § 629:1 and N.H. RSA § 636:1 (Accomplice to Armed Robbery, 1/9.95, Hillsborough North Superior Court, Docket # 94-1197. *PSR* ¶ 32).

The New Hampshire Robbery statute, N.H. RSA 636:1, states in full as follows:

*636:1 Robbery.—*

> *I.   A person commits the offense of robbery if, in the course of commiting a theft, he:*
>
> > *a) Uses physical force on the person of another and such person is aware of such force; or*
> >
> > *b) Threatens another with or purposely puts him in fear of immediate use of physical force.*
>
> *II.  An act shall be deemed "in the course of committing a theft" if it occurs in an attempt to commit theft, in an effort to retain the stolen property immediately after its taking, or in immediate flight after the attempt or commission.*
>
> *III. Robbery is a class B felony, except that if the defendant:*
>
> > *a) Was actually armed with a deadly weapon; or*
> >
> > *b) Reasonably appeared to the victim to be armed with a deadly weapon; or*
> >
> > *c) Inflicted ar attempted to inflict death or serious injury on the person of another, the offense is a class A felony, except that is the defendant was actually armed with a deadly weapon, and the deadly weapon was a firearm, he shall be sentence in accordance to RSA 651:2, II-g.*

*Source. 1971, 518:1. 1990, 95:5, eff. June 12, 1990.*

N.H. RSA § 636:1.

In a "narrow range of cases," when a crime is divisible, the Supreme Court has endorsed the "modified categorical approach," in which a court may consider a limited set of document to determine the basis of a defendant's conviction. *See Descamps v. United States*, —— U.S. ——, —— — ——, 133 S. Ct. 2276, 2283 – 85, 186 L. Ed.2d 438 (2013). A crime is divisible when it includes multiple "alternative elements" that create different versions of the crime, at least one of which would qualify under the federal definition and at least one of which would not. *See id.; Omargharib v. Holder*, 775 F. 3d 192, 197-98 (4th Cir. 2014. A crime is not divisible simply because it may be accomplished through alternative means, but only when alternative elements create distinct crimes. *Omargharib*, 775 F. 3d at 198. Alternative elements of a crime, as opposed to alternative means of committing a crime, are "factual circumstances of the offense that the jury must find unanimously and beyond a reasonable doubt." *Id*. (citation and internal quotations omitted).

Under N.H. RSA § 636:1, a person commits robbery, a clause B felony, if, in the course of committing a theft, he "[u]ses physical force on the person of another and such person is aware of such force," or "[t]hreatens another with or purposely puts him in fear of immediate use of physical force." RSA 636:1. A person commits armed robbery, a class A felony, if, while committing robbery, he was: (1) actually armed with a deadly weapon; (2) reasonably appeared to the victim to be armed with a deadly weapon; or (3) inflicted or attempted to inflict death or serious injury on the person of another. N.H. RSA § 636: 1; *State v. Glanville*, 145 N.H. 631, 633 (2000).

Under this statute, a theft committed with any degree or threat of physical force — even *de minimis* contact —  can satisfy the elements of Robbery under New

Hampshire law. All that is required for a Class B or Class A Robbery conviction is proof that a defendant "[used] physical force on the person of another and such person is aware of such force." N.H. RSA § 636:1, i(a). *See State v. Goodrum*, 123 N.H. 77, 78 (1983) (holding that "although RSA 636: 1, I(a) does not requires injury that "[the] drafters of RSA 636:1 sought to include situations 'where the victim is thrown to the ground by thief by suffers little actual physical injury.'").

"Physical force" for purposes of the force clause does not include the "clights offensive touching" that might sustain a misdemeanor battery conviction under some state laws. *See Johnson v. United States (Johnson I)*, 559 U.S. 133, 139, 130 S. Ct. 1265, 176 L.Ed.2d 1 (2010). Instead, "physical force: within the context of the ACCA means "violent *force*-that is, force capable of causing physical pain or injury to another person," *Johnson I*, ID. at 140 (emphasis in original).

In determining whether Armed Robbery or Accomplice to Armed Robbery use necessarily requires the use, attempted use, or threatened use of "physical force," while the meaning of the ACCA, the Court focus on "the minimum conduct necessary for a violation" under state law. *Castillo v. Holder*, 776 F.3d 262, 267 (4th Cir. 2015). Such minimum culpable conduct includes any conduct to which there is a "realistic probability, not a theoretical possibility," that a state would apply the law. *Moncrieffe v. Holder*, ——U.S. ——, —— — ——, 133 S. Ct. 1678, 1684—85, 185 L.Ed.2d 727 (2013) (citation omitted). Here, the minimum conduct necessary to sustain a conviction for a Class A Robbery or Accomplice to Class A Robbery under New Hampshire law does not necessarily include the use, attempted use, or threatened use of "force capable of causing physical pain or injury to another

person," — it could be accomplished with a simple push or shove, or a threat to do the same — and therefore, Class A Robbery under New Hampshire law does not qualify categorically as a "violent felony" for ACCA purposes. *Johnson*, 559 U.S. at 140; *United States v. Gardner*, 2016 WL 2893881 (4th Cir., decided May 18, 2016) (holding that North Carolina common law robbery is not categorically a violent felony, and that the district court erred in sentencing defendant as an armed career criminal); United States v. Parnell, — F.3d — (9th Cir., decided April 12, 2016 (holding that Massachusetts armed robbery is not categorically a violent felony); See *United States v. Werle*, No. 14-30189, 2016 WL 828132 *5 (9th Cir. March 3, 2016; (court found that the mere fact an individual is armed, however, does not mean he or she has used the weapon, or threatened to use it, in any way); *United States v. Dunlap*, No. 1:14-CR-00406-AA, 2016 WL 591757, at *5, —F. Supp.3d ——, —— (D. Or. Feb. 12, 2016); *United States v. Castro-Vazquez,* 802 F.3d. 28 (1st Cir. 2015). Because Class A Robbery under N.H. RSA 636:1 does not require intentional "violent force" that is, "force capable of causing physical pain or injury to another person," it is not categorically a violent felony. *Id.*

C. **Mr. Pratt's predicate offense of Assault by prisoner in violation of N.H. RSA 642: 9 is not a crime of violence.**

Another of Mr. Pratt's predicate offenses is a conviction in the Merrimack County Superior Court on September 21, 1988 for Assault by prisoner. (Assault by Prisoner, 9/21/1988, Merrimack County Superior Court, Docket #89-S-305-F. PSR ¶ 31). This is not a crime of violence.

The New Hampshire Assault by Prisoner statute, N.H. RSA 642:9 states in

full as follows:

642:9 Assaults by Prisoners. –

I. Any person held in official custody who commits an assault under RSA 631 is guilty of an offense under this section.

II. An inmate is guilty of aggravated assault on a corrections staff member when, with intent to harass, threaten, or alarm a person whom the inmate knows or reasonably should know to be an employee of such facility, or an employee of the department of corrections, or an employee of any law enforcement agency, the inmate causes or attempts to cause such employee to come in contact with blood, seminal fluid, urine, or feces by throwing or expelling such fluid or material.

   a. An inmate is guilty of aggravated harassment of an employee when, with intent to harass, annoy, threaten, or alarm a person who the inmate knows or reasonably should know is an employee of such facility, or the department of corrections, or any law enforcement agency, the inmate causes or attempts to cause such employee to come into contact with blood, seminal fluid, urine, feces, emesis, or saliva by throwing or expelling such substance either directly or indirectly at the employee, thus contaminating the employee's work environment.

III. For the purposes of this section:

   a. "Official custody" means custody in a penal institution or other confinement by an order of a court.

       b. "Inmate" means a person committed by law to the custody of the commissioner of the department of corrections, a person in pretrial confinement, any person incarcerated in a local detention facility operated by a county department of corrections, or a person in detention at a police department.

       c. "Facility" means a correctional facility or local correctional facility hospital, operated by the state or a county department of corrections, or a police department.

IV. The offense is a class B felony if it is an aggravated assault or harassment as defined in paragraph II or II-a, or if the offense committed is simple assault as defined under RSA 631:2-a unless committed in a fight entered into by mutual consent, in which case it is a misdemeanor. The offense is a class A felony if the offense committed is first degree or second degree assault as defined under RSA 631:1 or RSA 631:2.

V. If a person is convicted of the offense of assault under this section, the term of imprisonment authorized by RSA 651:2, II or RSA 651:6 shall be consecutive to and not concurrent with any other sentence to be served.

    Using the categorical approach as outlined above, N.H. RSA 642:9 is clearly not a "crime of violence" since the slightest unprivileged physical contact may constitute a violation of this statute and there is no statutory element of violent force. Even the aggravated form of assault by prisoner, N.N. RSA 642:9 (II) and (II-a), does not require the use of violent force as contemplated by Johnson I. See, State v. Spade, 161 NH 248 (2010) (where court described elements and statutory reach of Assault

by Prisoner and Aggravated Assault by Prisoner under N.H. RSA 642:9 (II)) As a result, this conviction does not qualify as a crime of violence.

**D.     Mr. Pratt's predicate offense of Escape in Violation of N.H. RSA 642:6 is not a crime of violence.**

One of Mr. Pratt's other predicate offenses is a conviction in the Carroll County Superior Court of Escape in violation of N.H. RSA 642:6 (Escape, 4/5/90, Carroll County Superior Court, Docket # 88-1713).

The New Hampshire Escape statute, N.H. RSA 642:6, in full as follows:

642:6 Escape. –

I.    A person is guilty of an offense if such person escapes from official custody.

II.   "Official custody" means arrest, custody in a penal institution, an institution for confinement of juvenile offenders or other confinement pursuant to an order of a court.

III.  The offense is a class A felony if the actor employs force against any person or threatens any person with a deadly weapon to effect the escape, except that if the deadly weapon is a firearm, the actor shall be sentenced in accordance with RSA 651:2, II-g. The offense is a class B felony if the actor was on parole, subject to a bail order, was a prisoner at an adult or juvenile correction facility at the time, or had a prior conviction of the crime of escape. If no physical force was used by the actor and no persons other than the actor sustained bodily injury as a result of the escape, the offense is a class A misdemeanor.

  IV. If a person is convicted of the offense of escape under this section, the term of imprisonment authorized by RSA 651:2, II or RSA 651:6 shall be added to the portion of the term which remained unserved at the time of the commission of the offense.

 This type of offense, again using the categorical approach outlined above, is not a "crime of violence," as there is no element requiring the use of violence force as outline by Johnson I. See also, Chambers v. United States, 555 U.S. 122 (2009). Further, the statute does not require as an element the use of intentional violent force, as the mens rea required for a violation of this statute is that the individual "knowingly" departed from official custody without authority. See, State v. Aldrich, 124 N.H. 43 (1983).

**E. Mr. Pratt's predicate offense of Burglary under N.H. RSA 635:1 is not an enumerated offense because it is not a generic burglary**.

 Under 18 U.S.C. § 924(e)(B)(ii), burglary is one of the enumerated offenses that can constitute a "crime of violence". However, to so qualify the statute violated must be a generic burglary. Generic burglary, which is the federal definition or burgarly, includes "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Descamps*, 133 S.Ct. 2276, 2283 (2013). NH RSA 635:1 provides:

I. A person is guilty of burglary if he or she enters or remains unlawfully in a building or occupied structure, or separately secured or occupied section thereof, with purpose to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter. It is an affirmative defense

to prosecution for burglary that the building or structure was abandoned.

II.   Burglary is a class B felony unless it is perpetrated in the dwelling of another at night, or if, in the commission of the offense, attempt at commission or in flight immediately after attempt or commission, the actor is armed with a deadly weapon or explosives or he purposely, knowingly or recklessly inflicts bodily injury on anyone; in which case it is a class A felony; except that if the person is armed with a deadly weapon and the deadly weapon is a firearm, he shall be sentenced in accordance with RSA 651:2, II-g.

III.   "Occupied structure" shall mean any structure, vehicle, boat or place adapted for overnight accommodation of persons, or for carrying on business therein, whether or not a person is actually present. "Night" shall mean the period between 30 minutes past sunset and 30 minutes before sunrise.

IV.   A person may not be convicted both for burglary and for the offense which it was his purpose to commit after the burglarious entry or for an attempt to commit that offense, unless the additional offense constitutes a class A felony.

V.   A person is guilty of a misdemeanor if he makes or mends, or begins to make or mend, or knowingly has in his possession, an engine, machine, tool, or implement adapted and designed for cutting through, forcing or breaking open a building, room, vault, safe, or other depository, in order to steal therefrom money or other property, or to commit any other crime, knowing the same to be adapted and designed for the purpose aforesaid, with intent to use or employ or allow the same to be used or employed for such purpose.

Under *Descamps* a prior conviction qualifies as an ACCA predicate only if

the statute's elements are the same as, or narrower than, the elements of the generic offense. "In other words, if any conduct that could be prohibited by the state statute would always also be prohibited by the generic offense, then the state statute is a categorical match. If conduct could be illegal under the state statute but not covered by the generic offense, there is no categorical match." *United States v. Hines*, 2015 WL 8668222, *1, __F. Supp. 3d___(ED Washington 12/11/2015).  If the prior convictions are not a categorical match the Court must determine if the statute is divisible or indivisible.  If the statute is divisible the Court applies the "Modified categorical approach" *Descamps*, 133 S.Ct. at 2281-2282. This approach would allow the Court to consult a limited set of documents to determine which portion of the divisible statute the defendant was actually convicted under. Id.  The New Hampshire statute is not a categorical match because it encompasses physical areas that are not covered under generic burglary, such as a vehicle, boat, or separate secured or occupied portion of a structure or building. NH RSA 635:1 is not divisible because it provides for alternate means to commit burglary rather than alternative elements. There is no requirement that a jury agree on what type of property was involved, whether it be a vehicle, boat, or building. The criminal liability is the same and the potential penalty does not depend on the type of property involved. Because the statute is indivisible the modified categorical approach cannot be applied.  Because the statute is not a categorical match to generic burglary and because the statute is not divisible the crime cannot be considered a predicate "violent felony" under the enumerated clause. See *e.g. Hines*, 215 WL *3.  In *United States v. Fields*, 39 F.3d 15 (1st Cir. 1994) the Court noted in dicta that it could not ". . . see how it can

reasonably be contended that the New Hampshire statutory definition does not "substantially correspond to 'generic burglary. Nor has the defendant explained how a person could be convicted under the New Hampshire statute and not be guilty under the generic definition." Id. at 20. This decision, however, predates both *Descamps* and *Johnson*. As argued above, looking at the statute through the lens of these two cases it is now abundantly clear how NH RSA 635:1 could be violated without the crime being generic burglary.

Under *Johnson* NH Burglary is not a crime of violence under the now void residual clause. It is also clearly not a crime of violence under the force clause because the statute is silent concerning the use of force or the threatened use of force. Accordingly, this conviction cannot now stand as a crime of violence for ACCA purposes.

II. **The constitutional claim under *Johnson II* is cognizable under § 2255(a).**

A federal prisoner may move to "vacate, set aside or correct" his sentence if it "was imposed in violation of the Constitution." 28 U.S.C. § 2255(a). Mr. Pratt's ACC status was predicated on the residual clause, found unconstitutionally vague in *Johnson II*. "[I]mposing an increase sentence under the residual clause…violates the Constitution's guarantee to due process." *Johnson II*, 135 S. Ct. at 2563. Thus, Mr. Pratt's claim for relief is cognizable under the plain language of § 2255(a).

III. **The motion is timely.**

A section 2255 petition is timely if filed within one year of the date when "the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

review." 28 U.S.C. § 2255(f)(3). Mr. Pratt files within one year of the June 26, 2015, *Johnson II* decision.

IV.  ***Johnson II* applies retroactively to cases on collateral review.**

"*Johnson [II]* is retroactive in cases on collateral review. "*Welch v. United States*, No. 15-6418, 2016 WL 1551144, at *12 (Apr. 18, 2016).

## CONCLUSION

Mr. Pratt is entitled to relief under section 2255 because his ACC sentence violates due process of law, as held by the U.S. Supreme Court in *Johnson II*. As explained above, the ten-year statutory maximum applies to his conviction under 18 U.S.C. § 922(g)(1), and his 180 month prison sentence under 18 U.S.C. §§ 922(g)(1) and 924(e) should be vacated. Mr. Pratt respectfully requests that the Court scheduled a new hearing so that he can be resentenced on Count One and that is grant such other relief as may be deemed just and equitable. Based upon information and belief the Government objects to the relief requested.

                                          Respectfully Submitted
                                          Gary Pratt,
                                          By and through counsel,

Dated:       June 23, 2016       /s/ Paul J. Garrity
                                          Paul J. Garrity
                                          Bar No: 905
                                          14 Londonderry Road
                                          Londonderry, NH 03053
                                          (603) 434-4106

## CERTIFICATE OF SERVICE

I, Paul J. Garrity, hereby certify that on this 23rd day of June, 2016 the motion with was e-filed (electronically serviced through CM/ECF) to all counsels of record.

                                          /s/ Paul J. Garrity

# EXHIBIT A

U.S. Counsel
U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

Jan 14 12 57 PM '04

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA

v.   Cr. No. 04-09-01-M

GARY C. PRATT,   [18 U.S.C. § 922(g)(1)]
a/k/a "Garold"

## INDICTMENT

The Grand Jury charges:

### COUNT I

[18 U.S.C. § 922(g)(1): Possession
of Firearms by a Convicted Felon]

Between September 23, 2003, and November 4, 2003, in the District of New Hampshire, the defendant:

**GARY C. PRATT**

having been convicted on or about September 28, 1988, in Merrimack County Superior Court, Concord, New Hampshire, of Assault by a Prisoner (N.H. R.S.A. 642:9), Docket Number 89-S-305-F, a felony punishable by a term of imprisonment exceeding one (1) year, knowingly and intentionally possessed the following firearm:

| Make | Model | Serial Number |

Glock     Model .357 Sig cal. Semiautomatic Pistol     EWU023US

the above firearm having been transported in interstate or foreign commerce.

All in violation of Title 18, United States Code, Section 922(g)(1).

## APPLICABILITY OF 18 U.S.C. § 924(e)(1)

The defendant named in Count One above has previously been convicted of at least three (3) violent felonies, as defined in 18 U.S.C. § 924(e)(2)(B):

1. On September 12, 1986, the defendant was convicted in Hillsborough County Superior Court of Armed Robbery (N.H. R.S.A. 636:1) (St. No. 86-1324).

2. On January 9, 1995, the defendant was convicted in Hillsborough Superior Court of Accomplice to Armed Robbery (N.H. R.S.A. 629:1, 636:1) (Docket No. 94-1197).

3. On September 21, 1988, the defendant was convicted in Merrimack County Superior Court of Assault by a Prisoner (N.H. R.S.A. 642:9) (Docket No. 89-S-305-F).

4. On June 15, 1990, the defendant was convicted in Carroll County Superior Court of Burglary (N.H. R.S.A. 635:1) (Docket No. 88-S-399-F).

5. On April 5, 1990, the defendant was convicted in Hillsborough County Superior Court of Escape (N.H. R.S.A. 642:6) (Docket No. 88-1713, these



crimes having been committed on occasions different from one another. Accordingly, the mandatory sentencing provisions of 18 U.S.C. § 924(e)(1) apply to this case.

A TRUE BILL

Dated: 1-14-04

_____
Foreperson

THOMAS P. COLANTUONO
United States Attorney

By: _____
Clyde R. W. Garrigan
Assistant U.S. Attorney

3